UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

Richard L. Olejnik,                                    Case No. 09-76714-AST
                                                       Chapter 13
                Debtor.
---------------------------------------------------------X

# **DECISION AND ORDER GRANTING MOTION TO REOPEN CASE**

## **Issues Before the Court and Summary of Ruling**

Pending before the Court is a motion (the "Motion") filed on June 17, 2010, by HIH No. 1, LLC ("HIH"), seeking to both reopen this bankruptcy case under Section 350(b) of the Bankruptcy Code[1] and to obtain relief from the automatic stay pursuant to Section 362 of the Bankruptcy Code, *nunc pro tunc*, to validate HIH's postpetition foreclosure sale of certain real property.[2] [dkt item 22]  On July 20, 2010, the Court held a hearing on the Motion (the "Hearing"), wherein counsel for Richard L. Olejnik (the "Debtor") and counsel for HIH appeared.

At the Hearing, Debtor opposed the Motion and alleged, *inter alia*, that cause has not been shown to reopen the case or to grant stay relief.  The Court established July 30, 2010, as a deadline for the submission of responsive papers, and August 6, 2010, as a deadline for the submission of reply papers.  Debtor timely filed an Affirmation in Opposition on July 30, 2010 ("Opposition"). [dkt item 24]  HIH timely filed a reply declaration on August 6, 2010 ("Reply"). [dkt item 25]

---

[1] All references to the Bankruptcy Code are to Title 11 of the United States Code.
[2] The property is located at 107 Margaretta Avenue, Massapequa, New York 11758 (the "Real Property").  The Motion was filed twice, as two separate docket items.  Docket item 22 is listed as a motion to reopen the case and docket item 23 as a motion to grant relief from the stay.  Because the items are identical, the Court will treat them as a single motion, making references only to docket item 22.

1

For the reasons set forth herein, the Court concludes that the case should be reopened for cause, and a submission schedule set to determine the request for relief from the automatic stay.

## Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A) and (G), and 1334(b), and the Standing Order of Reference in effect in the Eastern District of New York.

## Facts and Background

The material facts relevant to this decision are not controverted.

### *The Note, the Mortgage, and the Foreclosure*

On May 10, 2007, Joseph Ferrara, Jr., as borrower (the "Mortgagor"), executed a note (the "Note") and accompanying mortgage (the "Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee of HTFC Corporation, NY ("HTFC") in the original amount of $632,000.00. [dkt items 22-2, 22-3]  These documents were recorded with the Nassau County Clerk (the "Clerk") on July 19, 2007.  The Mortgage created a lien against the Real Property in favor of the holder of the Note and Mortgage, to secure the repayment of the Note.

On October 2, 2007, MERS, as nominee of HTFC, assigned its interests in the Note and Mortgage to GMAC Mortgage, LLC ("GMAC").  The assignment was recorded with the Clerk on October 17, 2007. [dkt item 22-4]

In September 2007, GMAC commenced an action in the Supreme Court of the State of New York, Nassau County (the "State Court") seeking to foreclose under the Mortgage (the "Foreclosure Action").  The State Court appointed Frank Doddato, Esq. to act as referee (the "Referee") in the Foreclosure Action.

2

On June 10, 2008, following the Mortgagor's failure to appear in the Foreclosure Action, the State Court entered a Judgment of Foreclosure and Sale of the Real Property (the "Judgment").[3]

On November 14, 2008, before the occurrence of a foreclosure sale, GMAC assigned its interests in the Note and Mortgage to HIH. The assignment was recorded with the Clerk on December 2, 2008. [dkt item 22-5]

On April 29, 2009, the State Court entered an order substituting HIH as the real party-in-interest for GMAC in the Foreclosure Action.

On September 15, 2009, the Referee filed a Notice of Foreclosure and Sale with the Clerk, pursuant to the Judgment. The Referee proceeded to sell the Real Property. HIH was the successful bidder.

On September 29, 2009, the Referee executed a deed for the benefit of HIH (the "Referee's Deed") in consideration of the foreclosure bid amount of $275,000.00. The deed was then recorded with the Clerk on November 10, 2009. [dkt item 22-6]

On July 1, 2008, prior to the foreclosure sale but after entry of the Judgment, the Mortgagor transferred tax lot 18, consisting of a portion of the Real Property, to Richard L. Olejnik, the Debtor herein (the "First Transfer"). However, the deed was not recorded with the Clerk until September 24, 2009.

*This Bankruptcy Case*

On September 8, 2009, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. [dkt item 1] In the few documents that were filed with the petition, Debtor neither disclosed any interest in the Real Property nor listed either HIH or any other predecessor-

---

[3] The Judgment was filed as part of a previous motion that was denied for failure to comply with formal requirements. [dkt items 19-21] The Judgment was not filed with the present Motion, but its existence and potential effect are not controverted.

owner of the Note or Mortgage as a creditor. Debtor also failed to file all of the statements, schedules, and declarations required by Section 521 of the Bankruptcy Code, and the Clerk's Office sent notices of these deficiencies. [dkt items 3, 9] These notices informed Debtor that failure to file the required documents would subject this case to automatic dismissal.

Debtor failed to cure the deficiencies. Thus, on October 26, 2009, this case was automatically dismissed under Section 521(i)(1) of the Bankruptcy Code. [dkt item 14] On November 20, 2009, this case was closed.

On November 30, 2009, after the foreclosure sale and after dismissal of the case, Debtor reconveyed a 50% interest in tax lot 18 to the Mortgagor (the "Second Transfer").

### *The State Court Eviction Action*

On January 4, 2010, HIH commenced a holdover summary proceeding (the "Summary Proceeding") with the District Court of Nassau County, seeking to obtain a Judgment of Possession and Warrant of Eviction against the occupants of the Real Property.

On January 26, 2010, Debtor filed a motion in the Foreclosure Action seeking, *inter alia*, that the Referee's Deed be vacated and declared a nullity on the ground that Debtor was entitled to the protections of the automatic stay pursuant to Section 362 of the Code at the time the foreclosure sale was held. Debtor relied on the fact that the Referee's Deed was executed during the pendency of this bankruptcy case. The State Court entered an order adjourning Debtor's motion to vacate the Referee's Deed pending a decision by this Court on the present Motion.

### *The Present Motion*

The Motion requests that this Court reopen this case, grant relief from the automatic stay, *nunc pro tunc* so as to validate the foreclosure sale, and grant any other relief the Court may deem just and proper. [dkt items 22] HIH alleges that little or no consideration was exchanged in

either the First Transfer or the Second Transfer, and that when the foreclosure sale was conducted, it had no knowledge of the First Transfer. [dkt item 22]  Debtor claims he purchased an interest in the Real Property for investment purposes, and that he tried to enter into a short-sale deal which did not materialize. [dkt item 24]

The parties dispute whether HIH was aware of the pendency of this bankruptcy case. HIH states that it was unaware of the case until December 29, 2009, two months after this case was dismissed. [dkt item 22]

### Analysis

Section 350(b) of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).  This Section immediately follows Section 350(a), which provides that a case shall be closed "[a]fter an estate is fully administered and the court has discharged the trustee[.]" 11 U.S.C. § 350(a).

Courts in this and other districts have held that Section 350(b) of the Bankruptcy Code should not be read independently of Section 350(a).  Stated otherwise, Section 350(b) permits reopening only of those cases that were properly closed under Section 350(a). *See In re Wassah*, 417 B.R. 175, 182 (Bankr. E.D.N.Y. 2009); *see also Critical Care Support Servs. v. United States (In re Critical Care Support Servs.)*, 236 B.R. 137, 140-41 (E.D.N.Y. 1999) (holding that a bankruptcy case may be reopened pursuant to § 350(b) only if it was originally closed pursuant to § 350(a), after the estate was fully administered); *Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Prop. Builders, Inc.)*, 699 F.2d 963, 965 (9th Cir. 1982) (per curiam) ("The word 'reopened' used in Section 350(b) obviously relates to the word 'closed' used in the same section.").

The closing of a case under Section 350(a) and dismissal of a case are two distinct events. Section 350(a) expressly provides for closing a case after the estate has been fully administered and the case trustee has been discharged. At that stage, the debtor's dischargeable prebankruptcy debts have usually been discharged, the debtor's nonexempt assets have been dedicated to payment of creditors, and the debtor has received a fresh start. *See Armel Laminates*, 699 F.2d at 965. Upon dismissal, on the other hand, property of the estate generally reverts to the debtor under circumstances that existed pre-filing, and no debts are discharged. *See* 11 U.S.C. § 349; *see also In re Kent Funding Corp.*, 290 B.R. 471 (Bankr. E.D.N.Y. 2003) ("Dismissal of a case under § 349(b) of the Bankruptcy Code is an event distinct from closure of a case."); *Critical Care*, 236 B.R. at 140-41 (citing *Armel Laminates*, 699 F.2d at 965).

This case was automatically dismissed pursuant to Section 521(i)(1) of the Bankruptcy Code and not closed pursuant to Section 350(a). Accordingly, this case may not be reopened under Section 350(b).

This Court, therefore, considers and treats the Motion as a motion for relief from a judgment or order under Rule 60 of the Federal Rules of Civil Procedure, which is incorporated by Rule 9024 of the Federal Rules of Bankruptcy Procedure. *See* FED. R. CIV. P. 60; FED. R. BANKR. P. 9024.

Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Rule 60(c) provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year

after the entry of the judgment or order or the date of the proceeding."[4] FED. R. CIV. P. 60(c). In determining timeliness of a motion brought pursuant to Rule 60(b), courts look at the particular circumstances of the case, and balance the interests in finality of a judgment with the reasons for any delay. *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 190 n.8 (2d Cir. 2006) (citing *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)). Courts generally require a movant to "show good cause for the failure to act sooner." *Kotlicky*, 817 F.2d at 9 (citing *Kontoulas v. A.H. Robins Co.*, 745 F.2d 312, 316 (4th Cir. 1984)).

*Timeliness*

This Court will first address timeliness. The Motion was filed less than seven months after the case was closed and less than five months after Debtor challenged the propriety of the foreclosure sale in state court. The Real Property was not listed in Debtor's bankruptcy filings. HIH and its predecessors-in-title were not listed as creditors. The deed conveying an interest in the Real Property to Debtor was not recorded until September 24, 2009, five days prior to the foreclosure sale. Debtor provided no written evidence that he put HIH on notice of this case or his interest in the Real Property prior to the foreclosure sale.

Based on HIH's apparent lack of knowledge of Debtor's interest in the Real Property and this case prior to the foreclosure sale, and the relatively short period between the closing of this case and the filing of this Motion to Reopen it, the Court finds that the Motion was timely.

*Grounds for Relief from the Dismissal Order*

This Court next addresses Rule 60(b)(3) and authority thereunder to grant relief from a judgment for fraud, misrepresentation, and misconduct. Rule 60(b)(3) is remedial and should be

---

[4] Reason (1) being mistake, inadvertence, surprise, or excusable neglect; (2) is newly discovered evidence; and (3) is fraud, misrepresentation, or misconduct by an opposing party. FED. R. CIV. P. 60(b).

construed liberally. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1346 (5th Cir. 1978) (citing *Atchison, Toreka & Santa Fe Ry. Co. v. Barrett*, 246 F.2d 846, 849 (9th Cir. 1957)). "One who asserts that an adverse party has obtained a verdict through fraud, misrepresentation or other misconduct has the burden of proving the assertion by clear and convincing evidence. The conduct complained of must be such as prevented the losing party from fully and fairly presenting his case or defense." *Id.* (citations omitted).

Here, Debtor acquired an interest in the Real Property after the Judgment had been signed. Debtor failed to disclose any interest in the Real Property and did not list HIH as a creditor despite HIH having become the real party in interest under the Judgment. Debtor did not list MERS, HTFC, or GMAC, the prior holders of the Note and Mortgage, as creditors. "A long standing tenet of bankruptcy law requires that one seeking its benefits satisfy a companion duty to schedule all his interests and property rights." *In re Lowery*, 398 B.R. 512, 515 (Bankr. E.D.N.Y. 2008) (citing *Hannan v. Charness (In re Hannan)*, 127 F.2d 894 (7th Cir. 1942)). In this case Debtor did not comply with this duty.

Courts have broad discretion in determining whether to grant relief under Rule 60(b). *See Critical Care*, 236 B.R. at 141-42 (citing *Branum v. Clark*, 927 F.2d 698, 704 (2d Cir. 1991)). In deciding the issue, a court should balance the policy in favor of finality against the policy of hearing the underlying motion on the merits. *Kotlicky*, 817 F.2d at 9.

Here, HIH has shown good cause to reopen this case under Rule 60(b)(3) so that this Court can hear the request for stay relief. Debtor misrepresented his assets and creditors and failed to file his mandatory disclosure documents, showing complete disregard for his obligations as a debtor under the Bankruptcy Code, which led to the dismissal of this case. Further, in the Second Circuit, a foreclosure sale held in violation of the stay is generally void,

even if the violation is unknowing. *In re Bresler*, 119 B.R. 400, 402 (Bankr. E.D.N.Y. 1990) ("A foreclosure sale conducted after the commencement of the Bankruptcy Case violates the automatic stay. This is true even if the party conducting the sale has no notice or knowledge that a petition in bankruptcy has been filed."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994) (citing *48th St. Steakhouse, Inc. v. Rockefeller Group, Inc. (In re 48th St. Steakhouse, Inc.)*, 835 F.2d 427, 431 (2d Cir 1987)) ("[A]ny proceedings or actions described in section 362(a)(1) are void and without vitality if they occur after the automatic stay takes effect.").

If the Referee conducted the foreclosure sale and executed the deed to HIH at a time when HIH had no knowledge of this case, it would be inequitable to allow the foreclosure sale and deed to be void, and thereby reward Debtor for his misconduct and punish HIH for its unknowing violations. This Court can remedy such a wrong by granting retroactive stay relief to validate a foreclosure sale held in an unknowing violation of the stay, *Bresler*, 119 B.R. at 403-04, but this case would first have to be reopened to do so. Alternatively, if HIH allowed a foreclosure sale to be conducted in knowing violation of the stay, that conduct should also be properly addressed by this Court.

### **Conclusion and Order**

For the reasons stated herein, the Motion is hereby granted in part. This case is to be reopened, for the limited purpose of considering the request for stay relief *nunc pro tunc*. The parties shall have fourteen (14) days following entry of this Order to submit any further pleadings and affidavits in connection with the request for stay relief. Thereafter, the request for *nunc pro tunc* stay relief shall be on submission with the Court.

SO ORDERED.



**Dated: October 28, 2010**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**